# United States District Court
# Central District of California

| | |
|---|---|
| MISAEL ROMERO,<br><br>        Plaintiff,<br><br>    v.<br><br>CANTOR GROUP V, LLC, SHOGA SUSHI AND TERIYAKI and DOES 1-10, INCLUSIVE<br><br>        Defendants. | Case № 5:18-cv-00373-ODW(SPx)<br><br>**ORDER DISMISSING ROMERO'S COMPLAINT FOR FAILURE TO COMPLY WITH COURT ORDER** |

## I.  INTRODUCTION & PROCEDURAL HISTORY

This is an action under the Americans with Disabilities Act. (Compl., ECF No. 1.) On March 30, 2018, the Court stayed this case, and ordered it to mediation, which was to be completed before May 18, 2018. (ECF No. 14.) On April 17, 2018, the Court ordered Plaintiff to show cause why he had not filed a mediation statement, as required by the Court's previous Order. (ECF No. 15.) Plaintiff did not comply with the Court's Order to Show Cause ("OSC"), and the date to complete mediation has passed without notification from either party. For the reasons below, the Court **DISMISSES** this action.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41(b) allows a party, or the Court, to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…." "Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." *Yourish v. California Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). The Ninth Circuit reviews a dismissal under these rules for abuse of discretion. *Id.*

On March 30, 2018, the Court ordered Plaintiff to file a mediation statement within fourteen days of the Court's Order staying the case. (Order, ECF No. 14.) Plaintiff did not comply, and on April 17, 2018, the Court ordered Plaintiff to show cause as to why he failed to file a mediation statement. (Order to Show Cause, ECF No. 15.) Plaintiff was required to respond to the OSC, and file a mediation statement before April 27, 2018. (*Id.*) Plaintiff again failed to comply. Now, the date for mediation has passed, and neither party has informed the Court of a settlement.

When dismissing an action for failure to comply with a court order, the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit affirms "a dismissal where at least four factors support dismissal, …or where at least three factors 'strongly' support dismissal." *Yourish*, 191 F.3d at 990 (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992)). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the appeals court] may review the record

independently to determine if the district court has abused its discretion." *Ferdik*, 963 F.2d at 1261.

The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish*, 191 F.3d at 990 (first factor always weighs in favor of dismissal); *Hernandez*, 138 F.3d at 401 (fourth factor always weighs against dismissal). Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice, and Plaintiff filed his Complaint in February 2018, and since then has repeatedly failed to comply with Court orders.

The third factor addresses the potential risk of prejudice to the defendants. Here, the risk of prejudice to the defendants is slight, to non-existent. If, after the Court dismisses the action, Plaintiff does not seek reconsideration or other relief, then defendants will have won. In the event that he does seek reconsideration, and the Court grants it, the defendants may continue to defend the action.

As for the availability of less drastic sanctions, Plaintiff's failure to file a mediation statement or otherwise respond to the Court's OSC weighs in favor of dismissal. The Court provided Plaintiff two opportunities to comply, but he has consistently failed to do so. Plaintiff may not escape dismissal with less drastic sanctions where he repeatedly fails to comply with deadlines. Almost a month has passed since Plaintiff was supposed to respond to the Court's OSC with no response, or request for relief.

On balance, the factors set forth in *Hernandez* weigh in favor of dismissing this action. *Yourish*, 191 F.3d at 990.

///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** this action with prejudice.

**IT IS SO ORDERED.**

May 22, 2018

    _____
    **OTIS D. WRIGHT, II
    UNITED STATES DISTRICT JUDGE**